**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
JAVON GORDON,                                 :
                                              :
       Petitioner,                         :      Civ. No. 14-6760 (RBK)
                                              :
   v.                                         :      **MEMORANDUM AND ORDER**
                                              :
UNITED STATES OF AMERICA,                     :
                                              :
       Respondent.                         :
_____           :


_____
JAVON R. GORDON,                              :
                                              :
       Petitioner,                         :      Civ. No. 15-2686 (RBK)
                                              :
   v.                                         :
                                              :      **MEMORANDUM AND ORDER**
UNITED STATES OF AMERICA,                     :
                                              :
       Respondent.                         :
_____

      Petitioner is a federal prisoner proceeding *pro se* with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  In Civ. No. 14-6760, this Court administratively terminated that case as petitioner had failed to file his § 2255 on the proper updated form.  Petitioner was given leave to file his § 2255 motion on the proper form.  Petitioner was subsequently given until April 25, 2015 to file his § 2255 motion on the proper form.  (*See* Civ. No. 14-6760, Dkt. No. 10.)

      On April 15, 2015, this Court received petitioner's motion to vacate, set aside or correct his sentence and the Clerk docketed it under a new civil docket number, Civ. No. 15-2686.  Petitioner's motion in Civ. No. 15-2686 challenges the same judgment and sentence that petitioner is challenging in Civ. No. 14-6760.  Thus, it appears clear to the Court that the motion

in Civ. No. 15-2686 should be docketed as an amended § 2255 motion in Civ. No. 14-6760 based on the procedural history that only administratively terminated that case with leave to reopen. *C.f. Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002) ("[W]hen a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion); *see also Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008) (finding that district court should have construed *pro se* habeas petition as a motion to amend pending habeas petition). Once the § 2255 motion is re-docketed as an amended § 2255 motion in Civ. No. 14-6760, the Court will proceed to screening the amended § 2255 motion pursuant to Rule 4 of the Rules Governing § 2255 cases.

Accordingly, IT IS this  29th  day of  April , 2015,

ORDERED that the Clerk shall re-docket petitioner's § 2255 motion (Dkt. No. 1.) in Civ. No. 15-2686 as an amended § 2255 motion in Civ. No. 14-6760; and it is further

ORDERED that the Clerk shall reopen Civ. No. 14-6760; and it is further

ORDERED that the Clerk shall mark Civ. No. 15-2686 as closed because petitioner's § 2255 motion in that case has been construed as an amended § 2255 motion in Civ. No. 14-6760 and will be docketed as such; and it is further

ORDERED that the Court will screen the amended § 2255 motion in Civ. No. 14-6760 in due course pursuant to Rule 4 of the Rules Governing § 2255 cases.

s/Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge